## No. 10,264.

THE STATE EX REL. D. J. REID, SHERIFF, ETC., vs. S. D. READ, JUDGE OF THE FOURTEENTH DISTRICT COURT.

Mandamus does not lie to compel a district judge to give his approbation to the appointment of a deputy sheriff, whose name is submitted for confirmation by the sheriff, where he has refused to sanction it. His action is final and cannot be revised by this court.

APPLICATION for Mandamus.

---

*Geo. H. Wells* for the Relator :

The inhibition of Art. 159 of the State Constitution. against holding more than one office

except that of justice of the peace or notary public, applies exclusively to Constitutional offices, and has no relation to the position or office of deputy sheriff, nor to that of returning officer under § 5 of Act No. 161, of the Acts of 1882, 5 Ann. 155; 9 Ann. 515; 15 Ann. 597.

A mandamus will lie to compel a district judge to approve a sheriff's appointment of a deputy sheriff, who is legally eligible to such appointment, where the district judge has no other objection thereto; personally or officially, than his erroneous opinion that such appointee is ineligible; because the latter is returning officer for the same parish.

*Zacharie & Armstrong* for the Respondent:

The State Constitution makes no difference between State officers and Constitutional officers and the prohibition of Art. 159. Constitution with respect to holding office is alike directed against both classes of officers.

The approbation provided for by C. P. 764 means the approbation of the judge of the court in which sheriff acts.

The exercise of supervisory control by a higher tribunal, with respect to the ordering the lower judge to grant his approbation would be violative of the policy of the law, which refers such approbation to the judge whose residence and knowledge peculiarly invests him with the ability to judge of the fitness of appointments of the officials of his own court.

Mandamus does not properly lie in the instant case, to control an inferior court in the exercise of its discretion, unless manifestly exercised arbitrarily.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  This is an application for a *mandamus* to compel the district judge to approve the appointment of a deputy, whose name was submitted to him, by the sheriff, for confirmation.

In justification of his conduct, the district judge has made a lengthy return, which it is unnecessary to set forth.

It appears that the sheriff has submitted to the judge, for his approbation, the name of one Dees, as a deputy, and that the judge has refused to ratify the appointment.

The sanction of the judge is required by law.  C. P. 764.  He is vested with a legal discretion in such matters and, after he has exercised it, he cannot be required to undo what he has done and act to the very reverse.

In the instant case he has exercised that discretion and his action is not revisable by this Court.

It is useless to determine whether the application of the sheriff for the confirmation of the appointment made by him is a judicial proceeding or not, for, admitting that it is such, the relator discloses, on the face of his petition, no cause which can induce this Court to subvert the conclusion of the district judge.

*Mandamus* issues, in proper cases, *to proceed*, but is never allowed *to recede*.  C. P. 829.

In instances of usurpation of authority or of transgression of the

bounds of jurisdiction, another remedy can be resorted to, but which cannot be asked and granted in the present case.

This Court has no power to go behind the reasons of the judge and ascertain whether they are or not sufficient. The Court must and does presume that the judge has discharged his duty, conscienciously and legally.

It is ordered and decreed that the application for a mandamus herein, be refused with costs.