(67 South. 322)

No. 20929.

RAPIER v. GUEDRY.

In re RAPIER.

(Jan. 11, 1915.)

*(Syllabus by the Court.)*

1. COURTS ⊙═209—ORIGINAL JURISDICTION—ASSIGNMENTS OF ERROR—FILING—TIME.

It is too late to file an assignment of errors after a cause has been submitted.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 611; Dec. Dig. ⊙═209.]

2. COURTS ⊙═209—ORIGINAL JURISDICTION—ASSIGNMENTS OF ERRORS—FILING.

An assignment of errors may be filed in this court to sustain an appeal, or to assign errors on the face of the record on an application for a writ addressed to Courts of Appeal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 611; Dec. Dig. ⊙═209.]

3. COURTS ⊙═209—ORIGINAL JURISDICTION—ASSIGNMENTS OF ERROR—QUESTIONS NOT PRESENTED IN TRIAL COURT.

New points contained in an assignment of errors, which were not presented to the inferior court, or disposed of by it, cannot be considered by the Supreme Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 611; Dec. Dig. ⊙═209.]

[1]Ante, p. 341.

4. MANDAMUS ⊙═60 — OFFICERS — APPOINTMENT—MINISTERIAL DUTY.

It is not a clear ministerial duty of a district judge to appoint a shorthand reporter in his court, as provided for in Act No. 141 of 1914, where said judge holds the act to be unconstitutional, as violative of certain articles embraced in the Constitution.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 70, 71; Dec. Dig. ⊙═60.]

5. COURTS ⊙═206—ORIGINAL JURISDICTION—SUPREME COURT—JURISDICTION.

The question is judicial, and it must be first presented in a court of original jurisdiction, and not in the Supreme Court, which has appellate and supervisory jurisdiction only.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 608–612; Dec. Dig. ⊙═206.]

O'Niell, J., dissenting.

Action by William H. Rapier against Henry Guedry. Application by plaintiff for a writ of mandamus to compel respondent, as judge of Division D of the Civil District Court of the Parish of Orleans, to appoint an official shorthand reporter to serve in his court under Acts 1914, No. 141, p. 255. Alternative writ recalled, and petition dismissed.

Breaux & Roehl, Wm. H. Byrnes, Jr., Pierre D. Olivier, and A. B. Booth, Jr., all of New Orleans, for applicant. Porter Parker, of New Orleans (Walter L. Gleason, of New Orleans, of counsel), for respondent judge. Joseph W. Carroll, George Denegre, and Hugh C. Cage, all of New Orleans, amici curiæ.

SOMMERVILLE, J. The petition of plaintiff recites that it is purely the ministerial duty, involving no discretion on his part, of the judge of division D of the civil district court, parish of Orleans, to appoint an official shorthand reporter to serve in his court, under the provisions of Act 141 of 1914, p. 255.

Respondent judge answers that it is not his ministerial duty to appoint an official shorthand reporter to serve in his court. He alleges: That the duties imposed upon the judges of the civil district court by Act No.

141 are unconstitutional, null, and void, for the reason that said act is in conflict with article 154 of the Constitution of 1913, which provides for a judicial expense fund for the parish of Orleans, and dedicates the fund to paying the salaries of the clerk of the civil district court, the register of conveyances, the recorder of mortgages of the parish of Orleans, and the clerks of the city courts of New Orleans, "and to go to the expenses of their respective offices." That shorthand re-porters, provided for by Act 141, are not designated as deputy clerks of any of the said respective offices. Further, that the provisions of the said act of the Legislature contravene articles 155 and 156 of the Constitution of 1913.

[1, 2] After the cause had been submitted, the relator filed what he termed "an assignment of errors." This assignment was filed too late to be considered by the court. Besides, an assignment of errors in this proceeding is nowhere provided for in the law. It does not fall within the terms of article 897 of the Code of Practice, inasmuch as it is not made to sustain the appeal of one of the parties to a suit. There is no appeal in this case. This assignment is not the assignment of errors provided for in section 2, Act 191 of 1898, p. 436, which refers to writs going from this court to the Courts of Appeal.

[3] The assignment of errors referred to cannot be considered by the court for the further reason that the respondent judge, in a second or supplemental return, says that the assignment, wherein it attacks the validity of articles 154, 155, and 156 of the Constitution of 1913, and charges them with being null and void, on the grounds therein set forth, is a new matter, which he was not called to pass upon, and that he has not passed upon the validity of said articles. As the points in the assignment of errors have not been adjudicated upon by the district court, they are not before this court for review, and there is no decision as to their va-lidity to affirm, amend, or reverse. The assignment of errors cannot be considered.

A writ of mandamus will be directed to the judges of the inferior courts commanding them to render justice and perform the other duties of their office in conformity with law. Article 837, C. P.

[4] We have seen that the respondent judge denies that it is his ministerial duty to appoint a shorthand reporter, as provided in Act 141 of 1914; and he alleges that such duty is not conformable to law, for the reason that the said statute violates the provisions of the Constitution defining the duties of the judges of the courts of this state, and the rights and obligations of the clerk of the civil district court, the register of conveyances, the recorder of mortgages for the parish of Orleans, as well as the clerks of the city courts of New Orleans, and that the control and management of the judicial excess fund for the parish of Orleans is not given to the General Assembly by the Constitution.

[5] The questions presented for determination are whether the Legislature may impose upon the judges of the civil district court for the parish of Orleans the duty of appointing shorthand reporters in their courts or not; whether such duty is a judicial one or not; whether the Legislature may assume control over the clerk of the civil district court and take from said clerk the authority of appointing his deputies; and whether the Legislature may appropriate any part of the judicial expense fund of the parish of Orleans for any purpose whatever.

Placed, as respondent is in this case, between the act of the Legislature which commands him to appoint a shorthand reporter in his court at a salary of $3,600 per annum and the Constitution which gives to the clerk of the civil district court for the parish of Orleans the right to appoint all of his deputies, and which vests in the judges of the civil district court the control of the excess of the judicial expense fund for the parish of

Orleans, he had to pause, to consider, to compare, to decide; and he has found the act to be unconstitutional. It plainly appears that he was not called upon to discharge a purely ministerial and incontestable duty, or to execute an evidently constitutional and valid enactment. State ex rel. Board v. Jumel, 32 La. Ann. 60; State ex rel. Luminais v. Judges, 34 La. Ann. 1114; State ex rel. Reid v. Judge, 41 La. Ann. 73, 5 South. 648.

Further, respondent's decision on the unconstitutionality of the act of the Legislature is concurred in by the several judges of the civil district court, as is evidenced by their written concurrence on the return of respondent.

The questions presented are judicial in their nature, and they will have to be first presented to a court of original jurisdiction, and disposed of there, before this court can determine them on appeal, or under our supervisory jurisdiction.

The pleadings in this case show that it is not a clear ministerial duty on the part of the respondent judge to appoint a shorthand reporter to his court; and a mandamus will not issue to compel him to do so.

It is therefore ordered, adjudged, and decreed that the alternative writ issued in this case be recalled, and the petition of relator is dismissed at his cost.

MONROE, C. J., and PROVOSTY, J., concur in the decree. O'NIELL, J., dissents. See 67 South. 323.